UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

Julie Peffer, Jesse Peffer,
    Plaintiffs

v.

Tyler Thompson, Dan King, and
Rich Kopach
    Defendants.

Docket No. 1:17-cv-00578

Hon. Gordon J. Quist
U. S. District Court Judge

_____/

J. Nicholas Bostic P40653
Attorney for Plaintiffs
909 N. Washington Ave.
Lansing, MI 48906
517-706-0132
barristerbosticlaw@gmail.com

Joseph T. Froehlich (P71887)
Michigan Dept of Attorney General
Attorney for Dan King
525 W Ottawa St Fl 5
PO Box 30736
Lansing, MI 48909-8236
Main: (517) 373-6434
froehlichj@michigan.gov

Allan C. Vander Laan (P33893)
Curt A. Benson (P38891)
Cummings, McClorey, Davis & Acho
Attorneys for Defendants Thompson & Kopach
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids MI 49546
616-975-7470
avanderlaan@cmda-law.com

_____/

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND JURY DEMAND**

    Plaintiffs, for their motion, state:

1. Plaintiffs filed their complaint on June 23, 2017. R. 1, PageID#1.

2. Defendants Kopach and Thompson answered on September 6, 2017. R. 7, PageID#22.

3. On September 8, 2017, Defendant King filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and has not yet filed an answer. R. 8, 9, PageID#42.

4. On October 19, 2017, Defendants Kopach and Thompson filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). R. 10, PageID#65.

1

5. Plaintiffs responded to Defendant King's motion on October 27, 2017. R. 13, PageID#98.

6. Defendant King's reply to the response was filed on November 22, 2017. R. 19, PageID#152.

7. Plaintiffs obtained an extension to respond to Defendants Kopach and Thompson and that response is due November 27, 2017. R. 18, PageID#151.

8. The motions to dismiss raised various issues with the Complaint related to the sufficiency of the allegations as to certain elements and immunity.

9. Plaintiffs initially complied with the notice pleading requirements of Fed.R.Civ.P. 8 but are willing and able to add substantial detail which is embodied in a First Amended Complaint and a proposed version of that complaint is at Attachment 1.

10. Pursuant to Fed.R.Civ.P. 15(A)(2), Plaintiffs must obtain leave of Court or the other party's consent.

11. Pursuant to the same rule, leave should freely be given where justice so requires.

12. The attached brief is incorporated herein by reference.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant leave to have a signed version of the attached First Amended Complaint filed with the Clerk forthwith.

| | |
|---|---|
| 11/27/2017<br>Date | */s/ J. Nicholas Bostic*<br>J. Nicholas Bostic P40653<br>Attorney for Plaintiffs |

UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

Julie Peffer, Jesse Peffer,
  Plaintiffs

v.

Tyler Thompson, Dan King, and
Rich Kopach
  Defendants.

Docket No. 1:17-cv-00578

Hon. Gordon J. Quist
U. S. District Court Judge

_____/

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND JURY DEMAND**

FACTS

The facts necessary for resolution of this motion are of record with the Court as identified in the pleadings, motions and responses designated above. Additional available allegations are contained within the body of Attachment 1 which is the proposed First Amended Complaint. It has two attachments which for purposes of this motion are identified as 1-A and 1-B.

LAW/ARGUMENT

 A. Standards

Fed.R.Civ.P. 15(A)(2) controls and states "Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." The Sixth Circuit "has held that a number of factors should be considered, including '[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment....'" ***Wade v. Knoxville Utilities Bd.,*** 259 F.3d 452, 458-59 (6th Cir.2001).

An assertion of untimeliness, standing alone, is insufficient to deny leave to amend. See *Security Ins. Co. of Hartford v. Kevin Tucker & Assoc*., 64 F.3d 1001, 1009 (6th Cir.1995); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986); *Tefft v. Seward*, 689 F.2d 637, 639 n. 2 (6th Cir.1982). Rather, a party asserting delay must also show "significant prejudice." *Security Ins. Co*., 64 F.3d at 1009. A motion for leave to amend may be denied on grounds of futility if the court concludes that the pleading as amended could not withstand a motion to dismiss. See *Midkiff v. Adams County Reg'l Water Dist*., 409 F.3d 758, 767 (6th Cir.2005). In adjudicating a claim of futility, the court should use the standard applicable to motions to dismiss under Rule 12(b)(6). See *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir.2008); *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir.1980).

   B.  Analysis.

   1.   Necessity of additional detail.

Plaintiffs assert that their initial complaint satisfied the notice pleading requirements of Fed.R.Civ.P. 8. The Complaint [R. 1] was obviously sufficient for Defendants Kopach and Thompson to file both an answer and a motion to dismiss. Defendant King was able to file a motion to dismiss. Both motions have specifically framed issues aimed at well recognized legal concepts which track the counts organized in the complaint. In other words, all Defendants were adequately put on notice of the nature of Plaintiffs' claims against them. Rule 8 requires only "a short and plain statement of the claim" made by "simple, concise, and direct allegations." *Michaels Bldg. Co. v. Ameritrust Co., N.A*., 848 F.2d 674, 679 (6th Cir.1988). Rule 8 is commonly understood to embody a regime of "notice pleading" where technical pleading requirements are rejected in favor of an approach designed to reach the merits of an action. See

4

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). The general rule is that a pleading must only be so detailed as is necessary to provide a defendant with sufficient notice to defend against the claims stated in the pleading. *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co*., 532 F.3d 496, 503 (6th Cir. 2008).

As the Attachments demonstrate, Plaintiffs had an abundance of information to establish the elements of their claims. The involvement of Defendants King and Kopach is deep and wide as established by the abundance of factual allegations taken directly from their own reports. Defendant Thompson is, of course, the direct actor because he signed the false affidavits affecting Plaintiffs' realty. The proposed amended complaint and the two attachments consume 33 pages and run contrary to the established pleading preferences. If the Defendants, however, desire to have such detail against them in the public record, Plaintiffs are willing to provide it.

    2.    Count 1.

Under general allegations, the proposed first amended complaint corrects a formatting error which caused the paragraph number to restart at "1" after Paragraph 10. New paragraphs 14, 15, and 16 add detail about the pressure placed on Plaintiff Jesse Peffer to cooperate as an informant against Plaintiff Julie Peffer's brother. Later in the proposed first amended complaint, paragraphs are added showing that Defendants King and Kopach followed up on this topic on multiple occasions and payed close attention to it during the last half of 2012.

Paragraph 20 in the first amended complaint amends former paragraph 7 to clarify that not only was a forfeiture action not started for Jesse Peffer's phone, neither county prosecutor ever started any forfeiture proceeding except for Plaintiff Julie Peffer's cash. Paragraph 40 in the

first amended complaint amends former paragraph 27 to clarify that only 21271 Bierri Road is used as a second home and clarifies (with later paragraphs) that 21121 Bierri Road contains only an abandoned house and was completely uninvolved in any medical marihuana activity. Paragraphs 43 and 44 amend former paragraph 30 by breaking it into two separate allegations.

Paragraphs 45 through 56 in the first amended complaint are added to establish both the protected activity of Plaintiff Jesse Peffer and that Defendants King and Kopach were aware of that activity. Paragraphs 57 through 61 in the first amended complaint are added to establish both the protected activity of Plaintiff Julie Peffer and that Defendants King and Kopach were aware of that activity. Paragraph 63 of the first amended complaint is added to clarify that the statute of limitations expired as to a forfeiture against the realty or personal property prior to the real estate documents being acquired by Defendant Kopach and prior to the filing of the affidavits. Paragraphs 64 through 74 in the first amended complaint is added to clarify that 21121 Bierri Road is a small parcel that was carved out of the larger parcel and that the building on it (as well as the realty) were not involved at all and there was no basis to search.

Paragraph 75 in the first amended complaint is added to demonstrate the lack of good faith (and by inference the intent to retaliate) by failing to notify Plaintiffs of the existence of the affidavits and failure to file any type of forfeiture action for months after recording the affidavits. The failure to act after several months is (by inference) due to Plaintiffs notifying Defendants that they were going to sue them over the refusal to return their personal property. Paragraphs 78 through 81 in the first amended complaint are added to allege specific knowledge of the protected activity as to Defendants King and Kopach. Those paragraphs also incorporate by reference two attachments to the proposed first amended complaint. The attachments show

entries in reports authored by Defendants King and Kopach that document their own activities, inquiries, communications, and conduct regarding the protected activity and the adverse action.

    3.    Count 2.

Paragraphs 91 and 92 amend former paragraph 42 by breaking into two separate allegations. Paragraphs 94 through 104 in the first amended complaint are added to establish both the protected activity of Plaintiff Jesse Peffer and that Defendants King and Kopach were aware of that activity. Paragraphs 105 through 109 in the first amended complaint are added to establish both the protected activity of Plaintiff Julie Peffer and that Defendants King and Kopach were aware of that activity. Paragraph 110 in the first amended complaint is added to demonstrate the lack of good faith (and by inference the intent to retaliate) by failing to notify Plaintiffs of the existence of the affidavits and failure to file any type of forfeiture action for months after recording the affidavits. The failure to act after several months is (by inference) due to Plaintiffs notifying Defendants that they were going to sue them over the refusal to return their property. Paragraph 113 of the first amended complaint is added to clarify that the statute of limitations expired as to a forfeiture against the realty or personal property prior to the real estate documents being acquired by Defendant Kopach and prior to the filing of the affidavits. Paragraphs 114 through 117 in the first amended complaint are added to allege specific knowledge of the protected activity as to Defendants King and Kopach. Those paragraphs also incorporate by reference two attachments to the proposed first amended complaint. The attachments show entries in reports authored by Defendants King and Kopach that document their own activities, inquiries, communications, and conduct regarding the protected activity and the adverse action.

3. Count 3.

All paragraphs in the existing Count 3 were modified where necessary to reflect that Count 3 has now been separated into Counts 3 and 4 to separate the claim of False Light Invasion of Property by parcel. This is appropriate due to the fact that 21121 Bierri Road was not involved at any point. Defendants had no basis to believe it had been purchased with proceeds and a minimal amount of investigation with the assessor's officer or a property reading of the legal description on the tax documents would have revealed this fact to Defendants. Due to factual differences between the parcels, separation of this claim is appropriate. Paragraph 129 is added to clarify that the statute of limitations for forfeitures had expired prior to acquisition of the real estate documents and recording of the affidavits. Paragraph 132 is added to clarify the configuration of the parcels.

4. Count 4.

Plaintiffs seek to add Count 4 to separate the False Light Invasion of Privacy claim by parcel. This Count applies to 21721 Bierri Road which is where the medical marihuana activity occurred. The proposed paragraphs mirror the modified allegations in Count 3 except for the claim that the parcel was not involved in the medical marihuana activity. Paragraph 139 of the amended complaint is added to clarify that the statute of limitations expired for forfeiture claims prior to acquiring the real estate documents or recording the affidavits.

5. Counts 5 and 6.

Plaintiffs seek to add a statutory action pursuant to MCL 600.2907a. The statute states:

> Sec. 2907a. (1) A person who violates section 25 of chapter 65 of the Revised Statutes of 1846, being section 565.25 of the Michigan Compiled Laws, by encumbering property through the recording of a document without lawful cause with the intent to harass or intimidate any person is liable to the owner of the property encumbered for all of the following:

8

    (a) All of the costs incurred in bringing an action under section 25 of chapter 65 of the Revised Statutes of 1846, including actual attorney fees.
    (b) All damages the owner of the property may have sustained as a result of the filing of the encumbrance.
    (c) Exemplary damages.

Subsection (2) of this statute also makes such conduct a felony but the Michigan State Police has failed to take Plaintiffs' complaint seriously and will not take action under this provision.

In Michigan, the statute of limitations for a civil action arising from a statutory violation is six years. MCL 600.5813, ***DiPonio Const. Co., Inc., v. Rosati Masonry Co***., Inc., 246 Mich. App. 43 (2001).

## CONCLUSION

The facts previously pled and the facts contained in the proposed first amended complaint are more than sufficient to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). No doubt Defendants will still find fault but resolution of the instant motion is not dictated by issues of immunity. As to Defendant Thompson, Plaintiffs arguments in their response to Defendant King's Motion to Dismiss (R. 8, 9) regarding "ministerial" versus "discretionary" acts are incorporated herein by reference (R. 13, PageID#123-124). Additionally, his acts were ultra vires since the statute of limitations had expired. A factual issue will exist as to his subjective state of mind.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant leave to have a signed version of the attached First Amended Complaint filed with the Clerk forthwith.

| | |
|---|---|
| <u>11/27/2017</u><br>Date | */s/ J. Nicholas Bostic*<br>J. Nicholas Bostic P40653<br>Attorney for Plaintiffs |

9

## CERTIFICATE OF SERVICE

I, J. Nicholas Bostic, undersigned attorney for Plaintiff, certify that, on November 27, 2017, the Plaintiffs' Motion for Leave to File First Amended Complaint was served on all counsel of record by using the Court's Electronic Case Management System which will send notice to all counsel of record.

Dated: 11/27/2017                                  /s/ J. Nicholas Bostic
                                                   J. Nicholas Bostic P40653
                                                   Attorney for Plaintiffs
                                                   909 N Washington Ave.
                                                   Lansing, MI  48906
                                                   517-706-0132