UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE PEFFER and JESSE PEFFER,

    Plaintiffs,

v.                                          Case No. 1:17-CV-578

TYLER THOMPSON, DAN KING, and       HON. GORDON J. QUIST
RICH KOPACH,

    Defendants.

                                    /

## OPINION

      Defendants, Michigan State Police Officer Dan King, former county prosecutor Tyler Thompson, and Deputy Sheriff Rich Kopach have filed motions to dismiss a complaint filed against them pursuant to 42 U.S.C. § 1983 by Plaintiffs Julie and Jesse Peffer. Apparently, the Peffers were engaging in some sort of business which, they claim, was permitted by Michigan's medical marijuana law. Amended Complaint ¶ 60. The Peffers were arrested and charged with delivery, manufacture of a controlled substance, and maintaining a drug house. The Peffers negotiated a plea agreement and pled guilty to comparatively minor offenses.

      Relying upon their First Amendment rights, the Peffers claim that the Defendants retaliated against the Peffers because the Peffers had negotiated the favorable (to them) plea agreement. The Peffers claim that the Defendants became so angry that, in retaliation, they filed two "false" affidavits with the Register of Deeds claiming an interest in two parcels of real estate owned by the Peffers. The Defendants pled qualified immunity.

The Supreme Court established a framework for evaluating First Amendment retaliation claims in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 273, 97 S. Ct. 568 (1977), which the Sixth Circuit has summarized, to require a plaintiff to show

> that (1) the plaintiff was participating in a constitutionally protected activity; (2) the defendant's action injured the plaintiff in a way likely to deter a person of ordinary firmness from further participation in that activity; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 371 (6th Cir. 2011). The alleged adverse action must have been proximately caused by an individual defendant, and *that* defendant must have been "motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Bright v. Gallia Cnty*, 753 F.3d 639, 653 (6th Cir. 2014) (quoting *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012)).

The protected activity in which the Peffers allegedly engaged is negotiating the favorable plea agreement. The Peffers claim that the Defendants, who did not like the deal, retaliated. The Peffers claim that they have a constitutional right to challenge criminal drug dealing allegations against them and to negotiate a plea deal. Each Defendant has moved to dismiss the federal claims for failure to state a claim. The Peffers have moved to amend their complaint by adding more allegations but, in this Court's judgment, such amendments would be futile. Therefore, the motions to dismiss will be granted.

Fairly recently, the Supreme Court has substantially tightened the requirements for avoiding the affirmative defense of "qualified immunity," in a 42 U.S.C. § 1983 claim. "[A] plaintiff must identify a case with a similar fact pattern that would have given 'fair and clear warning to officers' about what the law requires." *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 993 (6th Cir. 2017) (quoting *White*, 137 S. Ct. at 551). In *Arrington-Bey*, the court noted that the Supreme Court has "reminded us" that existing precedent must clearly establish the

2

unlawfulness of the particular conduct, and a high level of generality will not do. *Id.* at 992–93. This Court is particularly cognizant of these exacting standards. In a fairly recent case involving the issue of whether police participation in a private individual's seizure of a vehicle constituted state action, this Court held that the defendant officers were not entitled to qualified immunity because the Sixth Circuit's prior case law clearly established that the officers' conduct was unlawful. On appeal, a unanimous Sixth Circuit panel affirmed. *Middaugh v. City of Three Rivers*, 629 F. App'x 710 (6th Cir. 2015). Subsequently, the Supreme Court vacated the judgment and remanded to the Sixth Circuit for further consideration in light of *Mullenix v. Luna*, __ U.S. __, 136 S. Ct. 305 (2015) (per curiam). *Piper v. Middaugh*, 136 S. Ct. 2408 (2016). On remand, the Sixth Circuit panel concluded that the law was not clearly established because there was "sufficient daylight between the Officers' conduct . . . and the conduct in [the prior Sixth Circuit cases]" such that they did not "'apply with obvious clarity to [this] specific conduct.'" *Middaugh v. City of Three Rivers*, 684 F. App'x 522, 530 (6th Cir. 2017) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741, 122 S. Ct. 2508, 2516 (2002) (alteration in original)).

The Peffers assert that the clearly established right that Defendants violated was the "constitutionally protected right to access the courts, partially grounded in the First Amendment's protection of the right to 'petition the Government for a redress of grievances.'" (ECF No. 20 at PageID.177 (citing U.S. Const. Amend. I; *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1998); *John L. v. Adams*, 969 F.2d 228, 231–32 (6th Cir. 1992)).)

Under the facts alleged in the instant case, the Peffers would first have to establish that they had a First Amendment right to negotiate a plea agreement. *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 273, 97 S. Ct. 568 (1977); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 371 (6th Cir. 2011). Plaintiffs, however, have cited no case even

3

close to the point that a person has a constitutional right to engage in plea negotiations. The Bill of Rights describes protections to citizens suspected of, charged with, and convicted of a crime. Neither the First Amendment nor any other Amendment grants a right to engage in plea negotiations.

The Peffers claim that Defendants are liable for false light invasion of privacy under Michigan law. The Peffers specifically allege that Defendants filed two false affidavits claiming an interest in two parcels of real property and, that by filing these affidavits with the Osceola County Register of Deeds, Defendants committed the tort of "false light invasion of privacy." A false light invasion of privacy requires that defendants "broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position." *Derderian v. Genesys Health Care Sys.*, 263 Mich. App. 364, 385, 689 N.W.2d 145, 159 (2004) (quoting *Duran v. Detroit News*, 200 Mich. App. 622, 631–32, 504 N.W.2d 715, 721 (1993)). Defendants also "must have had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which [the plaintiff] would be placed." *Early Detection Ctr., P.C. v. New York Life Ins. Co.*, 157 Mich. App. 618, 630, 403 N.W.2d 830, 835 (1986).

The Peffers fail to allege, either in their Complaint and in their proposed First Amended Complaint, a sufficient factual or legal basis to successfully state a false light invasion claim. For example, the Peffers offer no legal basis for their allegation that the affidavits being subject to the Michigan Freedom of Information Act satisfies the "broadcast" element; neither do the Peffers offer support for their assertion that the affidavits being recorded with the Register of Deeds satisfies the "broadcast" element beyond the fact that the affidavits would be available to the

4

public.  The Peffers offer no rational basis for demonstrating that the affidavits included "unreasonable or highly objectionable" information.  The Peffers also fail to address how Defendants acted in reckless disregard or knew the affidavits were false.  Accordingly, the Peffers have failed to state a plausible claim of false light invasion of privacy.

Defendants also argue that they are immune from tort liability under the Michigan governmental immunity statute.  M.C.L. § 691.1407(2)(c) grants immunity for officers and employees unless their conduct amounts to gross negligence that is "the one most immediate, efficient, and direct cause preceding an injury," *id.*; *Robinson v. City of Detroit*, 462 Mich. 439, 458–59, 613 N.W.2d 307, 317 (2000), or if they commit an intentional tort without good faith or with malice.  M.C.L. § 691.1407; *Odom v. Wayne Cnty.*, 482 Mich. 459, 479–80, 760 N.W.2d 217, 228 (2008).  In order to be immune from liability, an employee must act in the course of his or her employment; act, or reasonably believe to be acting, within the scope of his or her authority; and commit a discretionary act, rather than a ministerial act.  *Odom*, 482 Mich. at 473–76, 760 N.W.2d at 224–26.

The Peffers agree that Defendants were not acting within the scope of their employment or authority.  The Peffers' only basis to argue that Defendants did not act in good faith is that the statute of limitations as to filing liens had passed, but they do not cite supporting case law or factual support regarding lack of good faith.  The Peffers also failed to show that the Defendants committed ministerial acts in preparing and filing the affidavits.

Defendants are entitled to governmental immunity.

The Peffers filed a motion for leave to file a First Amended Complaint to include additional allegations, as well as two additional claims under Michigan law for encumbering property without lawful cause.  Federal Rule of Civil Procedure 15(a)(2) requires a court to "freely give leave when

5

justice so requires." If the proposed amendment would be futile, then leave should not be granted, *e.g.*, "when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).

The Peffers' proposed amendments to their First Amendment claims are futile because they cannot establish that they engaged in a "protected activity." Nor do they establish that Defendants preparing and filing the affidavits were motivated in response to purported protected activity. The Peffers also fail to overcome Defendants' qualified immunity because they fail to allege a cognizable First Amendment claim and fail to allege a violation of a clearly established right.

Similarly, the Peffers' proposed amendments to their false light claims do not cure the defects. For instance, the Peffers failed to sufficiently allege that the affidavits were broadcast to the public, that the information was unreasonable or highly objectionable, or that Defendants acted in reckless disregard or with knowledge of the alleged falsity of the affidavits. Nor do the Peffers allege facts that could overcome the Defendants' entitlement to governmental immunity. The facts demonstrate that Defendants acted within the scope of their employment, within the scope of their authority, and that their actions were discretionary.

The Peffers seek to bring two new state-law claims of encumbering property without lawful cause. M.C.L. § 600.2907a. Under Michigan law, this cause of action requires that a defendant act with malice when filing an invalid lien. *Fed. Nat'l Mortg. Ass'n v. Lagoons Forest Condo. Ass'n*, 305 Mich. App. 258, 270, 852 N.W.2d 217, 223 (2014). The Peffers must show "some act of express malice by [Defendants], which implies a desire or intention to injure." *Id.* (internal quotation marks and citation omitted). The Peffers do not do so in their proposed Amended Complaint. Instead, the Peffers offer factual inferences and fail to present sufficient facts to make

6

an inference that Defendants acted maliciously.  Therefore, their proposed Amended Complaint is futile.[1]

The Peffers' motion for leave to file a First Amended Complaint (ECF No. 21) will be denied, Defendant King's motion to dismiss (ECF No. 8) will be granted, and Defendants Thompson and Kopach's motion to dismiss (ECF No. 10) will be granted.

A separate order will issue.


Dated: January 24, 2018                               /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE

---

[1] With the dismissal of the First Amendment claims and the false light claims, the Peffers may also run afoul of the jurisdictional amount in controversy requirement if the proposed third set of claims were to survive because the claims are based on state law.  28 U.S.C. § 1332.